Filed 2/26/16  P. v. Willis CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079510 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F03841) |
| v. | |
| CORNELL WYLE WILLIS, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In 1990, defendant Cornell Wyle Willis pleaded no contest to second degree robbery (Pen. Code, § 211)[1] and received five years of formal probation, including 270 days in county jail with 17 days' credit for time served.

---

[1] Undesignated statutory references are to the Penal Code.

In 2014, defendant pleaded guilty or no contest (the record does not describe which) to possession of a controlled substance for sale. (Health & Saf. Code, § 11378.) In April 2014, the trial court sentenced him to four years in state prison (the two-year midterm, doubled for his prior strike), with 389 days of presentence custody credit. The court imposed a $280 restitution fine (§ 1202.4) and a $280 suspended restitution fine (§ 1202.45). The underlying facts of defendant's convictions are not in the record.

On May 20, 2015, defendant submitted an ex parte motion for modification of sentence (§ 1170, subd. (d)), falsely alleging that his 2014 conviction was for simple possession of a controlled substance (Health & Saf. Code, § 11377), which was reduced to a misdemeanor under Proposition 47.

On May 27, 2015, the trial court denied the motion on the ground that since defendant's sentence was imposed pursuant to a negotiated plea, the court had no authority to modify the sentence.

Defendant filed a timely notice of appeal from the order denying the motion. The notice of appeal also purported to challenge the denial of a motion to suppress evidence, the voluntariness of defendant's plea, and a violation of *Boykin-Tahl*[2] (all presumably in the 2014 case).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

---

[2] *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d 122.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's motion for modification of sentence is affirmed.


                                                  BUTZ          , J.

We concur:

    BLEASE     , Acting P. J.


    DUARTE     , J.